UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2006-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC2,**

   *Plaintiff*,

v.

**GEORGE PATTERSON, JR.,**

   *Defendant*.

Case No. SA-23-CV-00144-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-NC2 Mortgage Pass-Though Certificates, Series 2006-NC2's ("Deutsche Bank") Motion for Default Judgment. *ECF No. .* Upon consideration, the Motion is GRANTED.

### Undisputed Factual Background

Deutsche Bank filed the Complaint in this case on February 6, 2023; the summons was served on Defendant on February 16, 2023. *ECF Nos. 1,10.* Defendant George Patterson did not answer or otherwise respond to the Complaint, and no counsel entered an appearance on his behalf. On April 10, 2023, this case was stayed pending the outcome of Patterson's Chapter 13 bankruptcy case. *ECF No. 9.* On October 19, 2023, Deutsche Bank informed the Court the bankruptcy case was dismissed on October 5, 2023. *ECF No. 18, at 2.* Accordingly, the Court lifted the stay in this case and set it for a status conference on November 20, 2023. *ECF No. 19.* Counsel for Deutsche Bank appeared at the status conference; Defendant did not appear. On

that same date, the Magistrate Judge entered a Show Cause Order informing Patterson of the consequences of failure to appear or defend this action. *ECF No. 22.* The Magistrate Judge ordered that on or before December 20, 2023, Patterson must show cause why default should not be entered against him pursuant to Federal Rule 55(a) and instructed Patterson he may make this showing by (1) filing an Answer to Deutsche Bank's Complaint, and (2) showing good cause for his delay in answering and for his failure to appear before the Court. Patterson did not respond to the Show Cause Order. *Id.* When Patterson failed to answer or defend the case and failed to respond to the Court's Show Cause Order, the Magistrate Judge ordered the Clerk of Court to enter default under 28 U.S.C. § 636 and Federal Rule 55(a). *ECF Nos. 24,25.* Deutsche Bank then filed this Motion for Default Judgment, to which Patterson did not respond. *ECF No. 26.*

**Legal Standard**

Federal Rule of Civil Procedure 55 provides the conditions upon which a default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. A movant must satisfy three procedural requisites to secure a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the district court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary

process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

At the third procedural requisite, the Motion for Default Judgment, courts apply a two-part process to determine whether a default judgment should be entered. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether the entry of default judgment is procedurally warranted, that is, whether default judgment is appropriate under the circumstances. *Lindsey*, 161 F.3d at 893. Several factors are relevant to this inquiry, including the following: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's Complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F. Supp. 3d at 814. Finally, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020).

**Discussion**

The record reveals Patterson failed to file an Answer after nearly ten months after the appropriate deadline and failed to otherwise appear or defend this action. This Court issued an Order of entry of default against Patterson, satisfying the first two procedural requisites for a default judgment. *ECF Nos. 24,25*. Deutsche Bank then filed this Motion for Default Judgement. *ECF No. 26.*

**Step One: Whether Default Judgment Is Appropriate**

Federal Rule 55 permits a default judgment as the consequence of failure to answer should other circumstances also support this harsh remedy. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Intern., Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973). The record reveals the Court gave Patterson ample notice and opportunity to file an Answer or otherwise appear as required by Rule 55. The record also reveals Patterson failed to respond to the Court's Show Cause Order. Such failure to respond to a court order constitutes sufficient grounds for a default judgment. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970); *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928 (1968).

Because Patterson failed to file any responsive pleadings, there are no material facts in dispute and the grounds for default are "clearly established." *See Lindsey*, 161 F.3d at 893; *see also Nishimatsu Constr.*, 515 F.2d at 1206; *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 824–25 (W.D. Tex. 2020). Patterson's failure to respond threatens to prejudice Deutsche Bank's undisputed interest. *See* id. Nothing before the Court indicates Patterson's silence is the result of a good faith mistake or excusable neglect, and Deutsche Bank seeks only declaratory judgment. *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d at 824–25.

For these reasons, the Court finds default judgment is procedurally warranted.

**Step Two: Whether There is a Sufficient Basis in the Pleadings for the Judgment**

Due to the entry of default, Patterson is deemed to have admitted the allegations outlined in the Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Nonetheless, the Court must review the pleadings to determine whether Deutsche Bank plead a sufficient basis for its claim for relief under Federal Rule 8. *See id.*

Deutsche Bank seeks declaratory judgment that it is the owner and holder of a Note, and beneficiary of the Security Instrument executed by Patterson, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property that is the subject of this action.

To foreclose under a security instrument with a power of sale, the party is required to show: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd 583 F. App'x. 306 (5th Cir. 2014).

In the Complaint, Deutsche Bank set forth facts, now deemed as true based upon Patterson's failure to answer. Deutsche Bank demonstrates that on April 13, 2006, Decedents George Patterson and Josie Patterson (the Pattersons) executed a Texas Home Equity Note in the principal amount of $66, 400.00 (the "Note") originally payable to Home123 Corporation ("Home123") as lender on a loan secured by the Property. *ECF No. 1 at ¶ 14*. Concurrently with the execution of the Note, the Pattersons executed a Texas Home Equity Security Instrument granting Home123 a security interest in the Property. Deutsche Bank alleges that it is the current holder of Note, beneficiary under the Security Instrument, and mortgagee. *ECF No. 1 at ¶ 16*.

The Pattersons passed away, and upon information and belief, no probate was opened. Therefore, there is no personal representative of Decedents' respective estates to be made a party to this action.

In accordance with Texas Estates Code sections 101.001(b) and 101.051, Defendant George Patterson, Jr. as the Pattersons' sole heir, acquired all of their interest in the Property immediately upon their death, subject to the Loan Agreement debt owed to Deutsche Bank. Patterson failed to abide by the terms of the Loan Agreement and failed to make required payments under the same. *ECF No. 1 at ¶ 21*. A notice of default was provided in accordance with section 51.002(d) of the Texas Property Code and the Loan Agreement, but the default was not cured. *ECF No. 1 at ¶ 21*. The Loan Agreement reached maturity on May 1, 2021. Upon the date of maturity, the Note provides, "If, on 05/01/2021, [Borrower] still owe[s] amounts under the Note, [Borrower] will pay those amounts in full on that date, which is called the 'Maturity Date". *ECF No. 1 at ¶ 22*.

Based upon these alleged facts deemed as true, the Court concludes Deutsche Bank plead a sufficient basis for the requested declaratory relief of its right to seek foreclosure on the Property.

**Step Three: Form of Relief**

The burden is on Deutsche Bank to establish its entitlement to recovery. *Freeman*, 605 F.2d at 857. Deutsche Bank asks the Court for declaratory judgment declaring the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). Deutsche Bank also seeks judgment

declaring that it may foreclose on the Property pursuant to the Security Instrument and Texas Property Code section 51.002.

The Court concludes that such a declaration is appropriate and will enter judgment to that effect. Deutsche Bank shall recover costs and attorney fees requested pursuant to Federal Rule of Civil Procedure 54(d).

## Conclusion

Based on the foregoing, the Court **GRANTS** Deutsche Bank's Motion for Default Judgment. Final Judgment will issue separately.

It is so ORDERED.
SIGNED this 14th day of February, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE